UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TREYLEN V. LLOYD,

      Plaintiff,

v.                                             1:05-CV-260 (NPM)

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

---

| APPEARANCES | OF COUNSEL |
|---|---|
| OFFICE OF PETER M. MARGOLIUS<br>Attorney for Plaintiff<br>7 Howard Street<br>Catskill, N.Y.  12414 | PETER M. MARGOLIUS, ESQ. |
| OFFICE OF THE U.S. ATTORNEY<br>Attorney for Defendant<br>100 South Clinton Street<br>Syracuse, N.Y.  13261-7198 | WILLIAM H. PEASE, ESQ. |

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

Plaintiff Treylen V. Lloyd ("plaintiff") brings this action pursuant 42 U.S.C. §§ 405(g) of the Social Security Act (the "Act"), seeking review of the final decision of the defendant Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for Supplemental Security Income

("SSI") benefits under Title XVI of the Act. For the reasons stated below, the Commissioner's decision will be affirmed.

## I.   FACTS AND PROCEDURAL HISTORY

### A.   Facts

Neither the plaintiff nor the Commissioner included the facts of the case in their respective briefs. The court accepts the facts as stated in the ALJ's decision and supported by the administrative transcript, and only reiterates such facts here as are necessary for the purpose of this decision. Briefly, plaintiff was born on August 23, 1993, and at the time of the ALJ's decision was ten years old. Plaintiff was enrolled in special education classes in the fourth grade. It is undisputed that plaintiff had an attention deficit hyperactivity disorder ("ADHD"), a speech and language disorder, and a learning disorder.

### B.   Procedural History

Through his mother, Christina Lewis, plaintiff filed an application for SSI benefits on October 3, 2002.[1] Tr. 52-55[2]. This application was initially denied. On December 27, 2002, plaintiff filed a timely request for a hearing. (Doc. No. 6).

---

[1] Both the parties and the Administrative Law Judge cite September 25, 2002 as the date of plaintiff's application for SSI benefits. However, the court notes that the application form and all supporting documentation included in the Administrative Transcript is dated October 3, 2002.

[2] Administrative transcript. Hereinafter, "Tr. ___."

On April 30, 2004, a hearing was held in Albany, New York, before Administrative Law Judge Robert Wright (the "ALJ").  In a decision rendered May 24, 2004, the ALJ found that the plaintiff had not been under a disability as defined in the Act at any time through the date of the ALJ's decision.

On June 11, 2004, plaintiff requested a review of the unfavorable decision by the Appeals Council, and submitted a letter format brief to said Council on December 15, 2004.  Plaintiff's request for review was denied on December 29, 2004.  Plaintiff's civil action  was filed in this court on February 22, 2005.

## II.    DISCUSSION

### A.    Standard of Review

This court does not review a final decision of the Commissioner de novo, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citations omitted).  See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004);  Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)).  "An ALJ must set forth the

crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-45 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  "Failure to apply the correct legal standards is grounds for reversal." Pollard v. Halter, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted).

When reviewing a determination by the Commissioner, a district court, in its discretion, "shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  "The Act must be liberally applied, for it is a remedial statute intended to include [,] not exclude." Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990).

    **B.**    **Standard for Determining Eligibility for Childhood SSI Benefits**

The SSI program is a federal program, codified at 42 U.S.C. § 1381, et seq., providing benefits to needy aged, blind, or disabled individuals who meet statutory income and resource limitations.  To determine eligibility:

> Your impairment(s) must meet, medically equal, or
> functionally equal the listings. An impairment(s) causes
> marked and severe functional limitations if it meets or

> medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings. (1) Therefore, if you have an impairment(s) that meets or medically equals the requirements of a listing or that functionally equals the listings, and that meets the duration requirement, we will find you disabled. (2) If your impairment(s) does not meet the duration requirement, or does not meet, medically equal, or functionally equal the listings, we will find that you are not disabled.

20 C.F.R. 416.924(d) (West 2008).

When the claimant is a child, the Act provides that:

> (C)(I) An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. (ii) Notwithstanding clause (I), no individual under the age of 18 who engages in substantial gainful activity ... may be considered to be disabled.

42 U.S.C. § 1382c(a)(3)(C) (West 2008).

The Federal Regulations state in pertinent part that

> If you have a severe impairment or combination of impairments that does not meet or medically equal any listing, we will decide whether it results in limitations that functionally equal the listings. By "functionally equal the listings," we mean that your impairment(s) must be of listing-level severity; i.e., it must result in "marked" limitations in two domains of functioning or an

> "extreme" limitation in one domain, as explained in this section. We will assess the functional limitations caused by your impairment(s); i.e., what you cannot do, have difficulty doing, need help doing, or are restricted from doing because of your impairment(s)....
>
> We will consider how you function in your activities in terms of six domains. These domains are broad areas of functioning intended to capture all of what a child can or cannot do... The domains used are:
>
> (I) Acquiring and using information;
>
> (ii) Attending and completing tasks;
>
> (iii) Interacting and relating with others;
>
> (iv) Moving about and manipulating objects;
>
> (v) Caring for yourself; and,
>
> (vi) Health and physical well-being.

20 C.F.R. § 416.926a(a) and (b)(1) (West 2008).

Under these regulations, an impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." Id.

### C. New Evidence of Disability

In this appeal, plaintiff argues that a report from the Patriot Psychiatric

Group dated August 12, 2004, was submitted as new evidence.  Plaintiff asserts that this new evidence supported the report of Annette Payne, Ph.D., and also "indicates that [the plaintiff's] conduct is deteriorating." Doc. No 6, ¶ 15.  "42 U.S.C. § 405(g) provides, in pertinent part, that '[t]he court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Pollard, 377 F.3d at 193.  If the evidence did not exist at the time of a claimant's hearing, "there is no question that the evidence is 'new' and that 'good cause' existed for [his] failure to submit this evidence to the ALJ.  The only issue, then, is whether this evidence is 'material.'  New evidence is "material" if it is both (1) **'relevant to the claimant's condition during the time period for which benefits were denied'** and (2) 'probative,' and requires a 'reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'" Id. (quoting Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir.1988) (emphasis added).  Stated differently, the evidence must relate to the period on or before the ALJ's decision. See Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996).

**D.     Analysis**

The court's task here is only to determine whether the correct legal standards were applied and whether substantial evidence supports the decision, not to substitute its judgment for that of the ALJ.  Here, in a comprehensive, well-written evaluation, the ALJ first considered whether the plaintiff was engaged in substantial gainful activity at any time since he filed his application for SSI, and determined that the plaintiff had not.  Next, the ALJ considered whether the plaintiff has an impairment that meets or medically equals the criteria of any of the listed impairments of Appendix 1, and determined that the plaintiff did not.  The ALJ's next query was to determine whether the plaintiff's impairments functionally equaled a disability listed in the regulatory listing of impairments.

The ALJ utilized the domain framework set forth supra in his inquiry into whether the plaintiff's impairments were functionally equal to a listed disability. The ALJ found that the plaintiff has a less than marked impairment in acquiring and using information, and attending and completing tasks.  The ALJ stated that although plaintiff has been diagnosed with ADHD, various teachers, examiners, and the plaintiff's mother note that plaintiff's symptoms improved with medication.  Despite an assessment of plaintiff's intellectual functioning in the low average range, his fourth grade teacher noted that plaintiff was doing well in

math and putting forth good effort in his other subjects including writing and reading.  The ALJ found substantial evidence that plaintiff was tolerating his medication well and was improving in all areas of academic functioning, including sufficient progress in speech and language that plaintiff no longer required speech and language services.  Regarding plaintiff's ability to attend to and to complete tasks, the ALJ noted that plaintiff's ability to play computer games and board games would require plaintiff to be focused and to maintain attention.  TR. 24.

The ALJ also found that plaintiff had a less than marked impairment in his ability to interact with and relate to others.  The ALJ found that plaintiff gets along with peers, can relate adequately to adults, and is able to make and maintain friendships.  The ALJ found evidence that considerable improvement was made in this area of social skills after the plaintiff began taking Adderall. Tr. 24.

The ALJ found no impairments in the areas of moving about and manipulating objects, caring for oneself, and health and physical well-being. Plaintiff's mother reported that he was able to dress, bath and feed himself without assistance. Tr. 24.  Consequently, this court finds that the ALJ adhered to the correct legal standard, and found substantial evidence that when plaintiff is maintained on his medication, his hyperactivity is under control, and he is able to function and focus better.

Plaintiff argues that the ALJ ignored and thus failed to clarify the reports of both the special education teacher, Susan Hungerford, and the state agency psychiatrist, Annette Payne, Ph.D.  The Commissioner argues that the ALJ specifically identified and summarized both assessments in his decision.  The court concurs.  Upon a careful review of the record, the court finds that the ALJ properly considered, and cited to the reports of both Hungerford and Payne. Tr. 21.  The court finds that plaintiff's argument on this issue is without merit.

Finally, regarding the new evidence submitted by the plaintiff from the Patriot Psychiatric Group dated August 12, 2004, the court finds that pursuant to the law set forth, <u>supra</u>, said evidence is not relevant to the claimant's condition during the time period for which benefits were denied.[3]  The court finds that the ALJ applied the correct legal standards on this issue, and that substantial evidence supports the ALJ's decision that plaintiff had not been under a disability as defined in the Act at any time through the date of the ALJ's decision.

---

[3] What the new evidence does suggest, however, is that despite the mother's assertion on April 30, 2004 that plaintiff needed counseling, and that she was "going to have him involved in counseling" (Tr. 338), the report from Patriot Psychiatric Group dated August 12, 2004 revealed that he still had not received individual therapy. Tr. 316.

### III.  CONCLUSION

For the reasons set forth <u>supra</u>, the court affirms the Commissioner's decision denying Supplemental Security Income benefits.  The Commissioner's motion for judgment on the pleadings is hereby GRANTED, and the complaint is DISMISSED with prejudice.

SO ORDERED.

Dated:     April 18, 2008
           Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge